■ In the Matter of ANTHONY SPARAGO, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 21, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' computation of, *inter alia,* his date for parole eligibility.

After spending time in a State correctional facility pursuant to sentences imposed in 1980, petitioner was placed on parole in December 1983. A parole violation warrant, based upon a January 1984 incident, was issued against petitioner on April 18, 1984. Petitioner was arrested April 25, 1984 on charges of burglary and resisting arrest, and the following day he was served with the parole violation papers, which contained no reference to the criminal charges that served as the basis for his arrest. During the subsequent parole revocation proceedings, the original charge was withdrawn and a new charge, apparently based upon the burglary and resisting arrest charges that resulted in petitioner's April 25, 1984 arrest, was substituted. In September 1984 respondent State Board of Parole revoked petitioner's parole on the basis of the substituted charge and set a delinquency date of April 25, 1984. In November 1984 petitioner was convicted of burglary in the second degree, arising out of his April 25, 1984 arrest, and he was sentenced as a predicate felony offender to an indeterminate term of imprisonment of 3 to 6 years.

Following his transfer from the local detention facility to the State Department of Correctional Services, petitioner commenced a CPLR article 78 proceeding to vacate the Department's determination of the dates for his parole eligibility, conditional release and maximum expiration dates of his sentence due to alleged errors in the parole revocation proceedings. That article 78 proceeding was discontinued by stipulation and order which provided that the parole revocation was to be vacated and the relevant dates recalculated. This appeal arises out of Supreme Court's dismissal of petitioner's subsequent article 78 proceeding challenging the recomputed dates.

As a result of the unusual fact pattern created by the stipulation vacating the revocation of petitioner's parole despite his having been convicted of a felony committed while on

parole,* this case does not fit squarely within any of the relevant statutory provisions. Pursuant to Penal Law § 70.40 (1) (a), petitioner continued to serve his 1980 sentences while on parole. CPL 430.10 provides that once a duly imposed sentence has commenced, it cannot be interrupted "[e]xcept as otherwise specifically authorized by law". The parties agree that the purpose of the stipulation was to treat petitioner as though he was continually on parole status without revocation proceedings ever having been commenced. Thus, pursuant to Penal Law § 70.40 (1) (a) and CPL 430.10, petitioner's 1980 sentences continued to run, unless they were interrupted by operation of some specific provision of law. We agree with respondents that such an interruption occurred as a result of the imposition of the 1984 sentence.

The record establishes that the 1984 sentence was imposed pursuant to Penal Law § 70.06 and, therefore, it had to run consecutively to any prior undischarged sentence pursuant to Penal Law § 70.25 (2-a). Petitioner claims that since he was effectively on parole, he was not "subject to an undischarged indeterminate sentence" when the 1984 sentence was imposed, a condition required by Penal Law § 70.25 (2-a), but since the 1980 sentence continued to run while petitioner was on parole (Penal Law § 70.40 [1] [a]), there can be little doubt that petitioner was subject to the undischarged 1980 sentence within the meaning of the statute (see also, Penal Law § 70.40 [3] [a], [c]). Since the 1984 sentence had to run consecutively to the undischarged 1980 sentences, Penal Law § 70.30 (1) (b) requires that minimums and maximums be aggregated, subject to certain limitations not relevant here. We conclude, therefore, that petitioner's maximum release date was properly calculated by aggregating the undischarged portion of the 1980 maximum and the 1984 maximum. Since there was no undischarged minimum remaining on the 1980 sentences, petitioner's new minimum was properly calculated by using only the 1984 minimum. The conditional release date is determined by reference to the aggregate maximum (see, Penal Law § 70.40 [1] [b]), and as noted above, respondents properly aggregated the maximums herein. This aggregation of maximums effectively resulted in the interruption of the 1980 sentences.

The only remaining issue concerns jail time credit for the

---

* As respondents point out, this result appears to conflict with the requirement of Executive Law § 259-i (3) (d), but there is no claim that the stipulation is invalid.

period that petitioner was incarcerated following his arrest on April 25, 1984 until he was transferred to the Department's custody on November 28, 1984. Respondents are of the view that since the time in jail must be applied to the 1980 sentences as a result of the stipulation which effectively continued petitioner's parole during this period, petitioner is not also entitled to jail time credit against the 1984 sentence. Pursuant to Penal Law § 70.30 (3), petitioner is not entitled to credit against his 1984 sentence for "any time that is credited against the term or maximum term of any previously imposed sentence to which [he] is subject". We conclude that petitioner's time in jail while he was considered to be on parole as a result of the stipulation was not "credited" against the 1980 sentence within the meaning of this provision of Penal Law § 70.30 (3). Such a crediting, in our view, occurs when the previously imposed sentence is duly interrupted, with jail time accruing during the period of interruption. This conclusion is buttressed by reference to Penal Law § 70.40 (3) (c), which specifies three conditions under which "[a]ny time spent by a person in custody from the time of [parole] delinquency to the time service of the sentence resumes shall be credited against the term or maximum term of the interrupted sentence". Since no interruption of the 1980 sentences occurred until the 1984 sentence was imposed, no crediting occurred pursuant to the statute. We also note that the facts of this case do not match any of the three conditions prescribed by Penal Law § 70.40 (3) (c). Thus, we conclude that the proscription on double crediting contained in Penal Law § 70.30 (3) does not apply where the previously imposed sentence is not interrupted but continues to run during the period that jail time is accruing.

Next, respondents contend that giving petitioner credit against this 1984 sentence for jail time served while his 1980 sentences were running would violate the aggregation requirement for consecutive sentences established by Penal Law § 70.30 (1) (b). We disagree. As to the 202-day period prior to the imposition of the 1984 sentence, petitioner's 1980 sentence was running and he was accruing jail time credit at a time when the aggregation requirement did not yet apply. Pursuant to the first sentence of Penal Law § 70.30 (3), "the maximum term of an indefinite sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence"; and where, as here, the minimum is imposed by

the court, the statute also provides for the credit to be applied to the minimum. Since the record establishes, and respondents concede, that the only grounds for petitioner's detention prior to imposition of the 1984 sentence were the charges that culminated in that sentence, petitioner is plainly entitled to credit against the 1984 sentence pursuant to the above-referenced portion of Penal Law § 70.30 (3); we do not believe that this plain statutory entitlement should be lost due to a possible inconsistency with the aggregation requirement of Penal Law § 70.30 (1) (b), a requirement that did not exist during the period that the 1980 sentence was running and jail time was accruing. We note that any such inconsistency arises out of the stipulation and could have been avoided had there been compliance with the appropriate statutory provisions for interrupting sentences. Petitioner, therefore, is entitled to have 202 days of jail time, the period between his arrest and the imposition of the 1984 sentence, credited against the 1984 sentence.

As to the remaining 15 days of jail time, between the imposition of sentence and his transfer to the Department's custody, we reach a similar conclusion. As a result of the aggregation requirement (Penal Law § 70.30 [1] [b]), we concluded above that petitioner's 1980 sentences were effectively interrupted by the imposition of the 1984 sentence. Thus, his jail time thereafter was solely due to the 1984 sentence and should be credited against that sentence (Penal law § 70.30 [3]). Petitioner is, therefore, entitled to jail time credit of 217 days against the 1984 sentence, and the matter should be remitted to respondents to make the appropriate calculation.

Judgment reversed, on the law, without costs, petition granted to the extent that respondents' determination as to jail time credit is annulled, and matter remitted to respondents for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.