Initially, a review of the plea allocution reveals that defendant entered a knowing, voluntary and intelligent guilty plea and waiver of his right to appeal and, thus, his challenges to the effectiveness of his counsel during the sentencing hearing and the harshness of his sentence have not been preserved for our review (see, People v Stamps, 268 AD2d 886; People v Burg, 262 AD2d 796, lv denied 93 NY2d 1015). Nonetheless, were we to review defendant's arguments, we would reject them as lacking in merit. Although defendant received the maximum sentence and has no prior criminal history, the sentence, in accordance with the plea agreement, was within statutory parameters. Given the lack of extraordinary circumstances warranting judicial intervention and the absence of abuse of discretion, the sentence imposed was neither harsh nor excessive (see, People v Walker, 266 AD2d 727, 728; People v Brown, 251 AD2d 694, 696, lv denied 92 NY2d 1029). Moreover, under the circumstances presented here, defense counsel's failure to persuade County Court to impose a more lenient sentence did not amount to ineffective assistance of counsel (see, People v Johnson, 267 AD2d 609, 610).

Cardona, P. J., Mercure, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

■ In the Matter of ALVIN W. DU BOIS, JR., Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [708 NYS2d 166] —Spain, J. P. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered December 1, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies, and (2) from a judgment of said court, entered September 15, 1999 in Albany County, which, upon reconsideration, dismissed petitioner's application to review a determination of respondents, inter alia, calculating petitioner's jail time credit.

In June 1979, petitioner was sentenced to a prison term of 5 to 10 years with a maximum expiration date of March 18, 1989. Petitioner was twice paroled and twice violated his parole, following which the maximum expiration date of petitioner's sentence was recalculated to May 14, 1989. Petitioner was released to County Jail on January 27, 1988 in order to face charges stemming from an incident which occurred in 1987 while petitioner was on parole. He was returned to the custody of the Department of Correctional Services (hereinafter DOCS) on July 18, 1988 but was again committed to County Jail on August 11, 1988 in connection with proceedings related to the 1987 charges. Although DOCS released petitioner on parole for a third time on October 13, 1988, he remained in County Jail until June 26, 1989 when he was returned to DOCS' custody to serve the 10 to 20-year sentence imposed in 1989 upon his conviction of the 1987 charges. He received a 46-day credit against the 1989 sentence based upon jail time served between May 14, 1989 and June 26, 1989.

Petitioner subsequently commenced this CPLR article 78 proceeding contending, *inter alia*, that his 1989 sentence should have been credited with a total of 495 days for the jail time he served between January 27, 1988 and July 18, 1988, and between August 11, 1988 and June 26, 1989. By judgment entered December 1, 1998, Supreme Court granted respondents' motion to dismiss the petition, finding, *inter alia*, that petitioner failed to exhaust his administrative remedies by failing to file a grievance challenging the jail time calculation. After he subsequently learned that the jail time calculation was not grievable, petitioner moved for reconsideration and Supreme Court granted the motion. Upon reconsideration, however, the court dismissed the petition by judgment entered September 15, 1999. Petitioner now appeals from both judgments.

Initially, petitioner's appeal from the December 1, 1998 judgment must be dismissed inasmuch as that judgment was superseded by the September 15, 1999 judgment made upon reconsideration (*see, People v Parrotte*, 267 AD2d 884; *Ryan v McLean*, 209 AD2d 913). Addressing the merits, petitioner was not entitled to a credit against the 1989 sentence for time served in County Jail prior to the expiration of the 1979 sentence because that period of incarceration was credited against petitioner's 1979 sentence (*see, Matter of Kalamis v Smith*, 42 NY2d 191; *People ex rel. Dabbs v Kuhlmann*, 257 AD2d 817; *Matter of Canada v McGinnis*, 36 AD2d 830, *affd* 29 NY2d 853). Because petitioner continued to serve the 1979

sentence despite his October 13, 1988 release on parole, the jail time served following his parole release and prior to the maximum expiration date of the 1979 sentence may not be credited toward the 1989 sentence (*see*, Penal Law § 70.40 [1] [a]). Accordingly, we find that petitioner's jail time credit was properly calculated.

We have reviewed petitioner's remaining contentions and find they are without merit.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal from judgment entered December 1, 1998 is dismissed, without costs. Ordered that the judgment entered September 15, 1999 is affirmed, without costs.