■ ROBIN I., Appellant, v RONALD J., Respondent. [726 NYS2d 149] —Crew III, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered November 16, 1999 in Ulster County, which, *inter alia*, granted defendant sole custody of the parties' child.

This appeal primarily concerns the paternity and custody of a child born to plaintiff in October 1988. Following a two-day hearing conducted in October 1999, Supreme Court, by order entered November 16, 1999, held that plaintiff was equitably estopped from contesting the paternity of the child and awarded defendant sole legal and physical custody of the child. Plaintiff now appeals, contending that the record developed at the hearing was insufficient to resolve the issues of estoppel and custody.

As a starting point, we are of the view that plaintiff's challenge to Supreme Court's custody determination is not properly before us. It appears that following entry of the order from which this appeal is taken, additional proceedings were conducted in Supreme Court on January 10, 2000, resulting in the issuance of a custody and visitation order dated January 11, 2000. It also appears that plaintiff subsequently moved to modify such order, which defendant opposed, and Supreme Court conducted a second in camera interview of the child in April 2000. Upon consideration of such subsequent proceedings and the parties' respective submissions, Supreme Court issued an amended custody and visitation order in May 2000. Plainly, as to the issue of custody, the order from which this appeal is taken has been superceded by Supreme Court's May 2000 amended order and plaintiff's remedy, if any, lies in an appeal from that amended order.

Turning to the issue of estoppel,* the record discloses the following facts. At the time of the subject child's birth, plaintiff was married to George Knutsen, whom she divorced in 1991, and engaged in an extramarital affair with defendant, whom she married in 1992. During the course of the divorce action and ensuing custody proceeding with Knutsen, plaintiff testified that Knutsen was not the child's biological father. (Plaintiff

---

* Supreme Court's amended order is silent on this issue and, hence, the present appeal is the appropriate vehicle for challenging Supreme Court's findings in this regard.

later testified before Supreme Court that she had lied in the prior proceeding in order to ensure that Knutsen did not get custody of the child.) Additionally, the child was not listed in the divorce judgment as a child born of plaintiff's marriage to Knutsen, and Knutsen executed an affidavit consenting to the child assuming plaintiff's maiden name, wherein he expressly denied paternity of the child. Following plaintiff's marriage to defendant, the child's last name was changed to defendant's surname and, more importantly, the parties applied for and received a new birth certificate for the child naming defendant as the child's father. In conjunction therewith, both plaintiff and defendant executed sworn affidavits averring that defendant was in fact the child's biological father. Additionally, the parties had the child baptized and enrolled in school, representing to all concerned that defendant was the child's father, and defendant procured an insurance policy on the child naming plaintiff as the beneficiary. Finally, for a substantial period of time following the parties' separation in February 1998, plaintiff accepted child support payments from defendant.

In short, the record clearly establishes that until the instant custody dispute arose or, more to the point, plaintiff decided to reconcile with Knutsen, the paternity of the child never was in issue. Although plaintiff testified that she was coerced into changing the child's last name to defendant's surname, was unaware that she was requesting an amendment to the child's birth certificate, failed to appreciate that defendant had named himself as the child's father when procuring the relevant insurance and, finally, that "[t]here were circumstances" surrounding naming defendant as the child's father when registering the child for school, plaintiff's admitted willingness to lie in the prior custody proceeding with Knutsen, coupled with her apparent disregard for the effect that her ever-changing story as to paternity would have upon her child, gave Supreme Court little reason to credit her testimony there. For approximately 10 years, plaintiff led defendant, the child and others to believe that defendant and the child were father and daughter and encouraged such relationship to flourish between the two. Under such circumstances, Supreme Court properly determined that plaintiff was equitably estopped from disputing the paternity of the child (see, Matter of Kristen D. v Stephen D., 280 AD2d 717, 719-720; Matter of Lorie F. v Raymond F., 239 AD2d 659, 660-661). A contrary finding simply would not be in the child's best interest. Plaintiff's remaining arguments on this point have been examined and found to be lacking in merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.