In the Matter of JOHN L. REYNOLDS, Appellant, v ERNEST J. DUSTMAN et al., Respondents. [785 NYS2d 225]—

Appeal from a judgment (denominated order) of the Supreme

Court, Cattaraugus County (Larry M. Himelein, A.J.), entered August 6, 2002 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition to compel respondent Ernest J. Dustman, Cattaraugus County Sheriff, to recalculate petitioner's jail time credit.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent Sheriff to recalculate the jail time credit to which he allegedly is entitled on a sentence that he is presently serving on his conviction of manslaughter in the second degree (Penal Law § 125.15 [1]). Supreme Court properly dismissed the petition. Prior to his trial resulting in that conviction, petitioner was indicted for driving while intoxicated (DWI) under Vehicle and Traffic Law § 1192 (2). After his conviction on the manslaughter charge but before he was sentenced on that conviction, defendant pleaded guilty to the DWI charge and was sentenced to a definite term of imprisonment of one year. Petitioner arranged to have the bail on the manslaughter charge exonerated while he served that sentence, inasmuch as he believed that he would then be given credit for that time served as against the sentence yet to be imposed on the manslaughter conviction. Petitioner completed serving the definite sentence on July 23, 1998 and was released on July 24, 1998, at which time bail was reinstated. Petitioner was thereafter sentenced to an indeterminate term of imprisonment of 4 to 12 years on the manslaughter conviction on January 29, 1999.

Contrary to the contention of petitioner, because he was serving his definite sentence on the DWI conviction, he was not entitled to credit for that time with respect to his sentence on the manslaughter conviction (*see* Penal Law § 70.30 [3]; *Matter of Bush v Smith*, 42 NY2d 191, 202-203 [1977]; *see generally Matter of Du Bois v Goord*, 271 AD2d 874, 875-876 [2000]). Petitioner failed to include the transcript of the plea proceeding in the record on appeal, and we therefore are unable to review his contention that the court erred in failing to determine that it was a condition of his plea of guilty to the DWI charge that the sentence on the manslaughter conviction would run concurrently with the sentence on the DWI conviction (*see generally People v Davis*, 307 AD2d 722 [2003], *lv denied* 100 NY2d 619 [2003]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.