■ In the Matter of LORI SKELLY, Respondent, v LANCE SKELLY, Appellant. [798 NYS2d 741]—Crew III, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered March 8, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support.

Following their divorce in September 2001, petitioner and respondent reached an agreement as to respondent's weekly child support obligation for the parties' two minor children. In conjunction therewith, respondent was to provide petitioner on a weekly basis with an unaltered copy of his paycheck stub or unemployment insurance check stub. Difficulties apparently ensued and, by order entered June 25, 2002, respondent was directed to cease altering the check stubs in question. Additionally, each party was ordered to provide the other with income tax returns (beginning with tax year 2002), including all schedules and W-2s, within 30 days of filing with the taxing authorities.

Petitioner thereafter filed a violation petition in July 2003, alleging that respondent failed to provide the required tax documents in a timely fashion. At the hearing held thereon, petitioner agreed to withdraw her petition if respondent executed a release authorizing her to obtain the sought-after tax documents directly from the Internal Revenue Service, which, through counsel, respondent agreed to do. When respondent subsequently failed to execute the subject release or otherwise provide the requested documents, petitioner commenced the instant proceeding, again seeking to compel respondent's compliance with Family Court's June 2002 order.

After twice adjourning the subsequent hearing to permit respondent sufficient opportunity to retain counsel, which he ultimately failed to do, the Support Magistrate found that respondent willfully violated the prior order of support. Family Court confirmed the findings of the Support Magistrate and, by order entered March 8, 2004, sentenced respondent to 90 days in jail. An amended order was entered on March 12, 2004, followed by a second amended order entered on March 16, 2004. This appeal by respondent ensued.

Respondent, by notice of appeal dated and filed March 23, 2004, appeals only from Family Court's March 8, 2004 order. Inasmuch as Family Court's March 8, 2004 order was superceded by two subsequent orders, the instant appeal must be dismissed (*see Matter of Armstrong v Belrose*, 9 AD3d 625 [2004]; *Matter of Du Bois v Goord*, 271 AD2d 874 [2000]; *see also Robin I. v Ronald J.*, 282 AD2d 837 [2001]). Were we to reach the merits,

we would find the arguments raised by respondent, including his assertion that he was not advised of his right to counsel and that the record as a whole fails to support a finding of a willful violation, to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the appeal is dismissed, without costs.