■  In the Matter of PETER J. VILLANUEVA, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [815 NYS2d 312]—

Spain, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 19, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents calculating petitioner's jail time credit.

On September 9, 2003, petitioner was sentenced to three one-year terms of incarceration, two of which were to run consecutively, stemming from an incident in which he, among other things, falsified records. Thereafter, on March 5, 2004, petitioner was sentenced to a term of imprisonment of 2 to 4 years, to run concurrently with his initial sentence, as a consequence of his conviction for identity theft. Finally, on May 7, 2004, petitioner was sentenced in accordance with an attempted assault conviction to another term of imprisonment of 2 to 4 years, to run

---

nunc pro tunc to and concurrently with his second sentence. After petitioner's jail time credit was established, he commenced this CPLR article 78 proceeding asserting that the 178 days in jail that he served from September 9, 2003 to March 5, 2004 should be included in his total credit. Supreme Court dismissed the petition, prompting this appeal. We now affirm.

Although jail time credit is authorized for time "spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence," jail time credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence . . . to which the person is subject" (Penal Law § 70.30 [3]). Here, the 178 days in question were properly counted as time served in connection with petitioner's September 2003 sentence and thus not credited against his March 2004 and May 2004 sentences (*see* Penal Law § 70.30 [3]; *Matter of Jeffrey v Ward*, 44 NY2d 812, 813-814 [1978]; *Matter of Kalamis v Smith*, 42 NY2d 191, 200-202 [1977]; *Matter of Du Bois v Goord*, 271 AD2d 874, 875 [2000]). In addition, we are unpersuaded by petitioner's contention that respondents lacked authority to question a prior, inaccurate jail time certificate issued by the local law enforcement authority. Ultimately, respondents properly relied on the last certificate issued, which expressly superceded the prior certificate upon which petitioner relies.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.