■ In the Matter of GERRARD BLAKE, Also Known as GERARD BAKER, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, Respondent. [824 NYS2d 573]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered November 29, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Following petitioner's 1991 conviction of five counts of robbery in the first degree, he was sentenced to five concurrent terms of 6 to 18 years in prison. He was released to parole

*supervision on December 28, 2000, but was declared delinquent as of October 24, 2001. As of his delinquency date, the time remaining on petitioner's undischarged sentence was seven years, two months and 10 days. On January 29, 2004, petitioner was sentenced to a prison term of $2^1/_4$ to $4^1/_2$ years upon his subsequent conviction of promoting prostitution in the third degree, which was to run consecutively to his prior sentences. He was received by the Department of Correctional Services on February 6, 2004 and credited with 836 days of jail time covering the period between October 24, 2001 and February 6, 2004. In December 2004, he made inquiry to the Division of Parole seeking parole jail time credit for the time spent in local custody following his parole violation. When the Division did not grant his request, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition as untimely and this appeal ensued.*

While respondent concedes that the petition should not have been dismissed as untimely, he nevertheless contends that the petition must be dismissed on the merits. The record reflects that petitioner was, in fact, given jail time credit for a 792-day period between November 20, 2001 and January 20, 2004, when his maximum expiration date, which was based upon the aggregate term of his 1991 and 2004 sentences, was calculated. His 1991 sentences, however, were interrupted by the October 24, 2001 declaration of delinquency, and that interruption continued until he was returned to state custody on February 6, 2004 (*see Matter of Cruz v New York State Dept. of Correctional Servs.*, 288 AD2d 572, 573 [2001], *appeal dismissed* 97 NY2d 725 [2002]; *People v Hanna*, 219 AD2d 792, 793 [1995]). Petitioner was not entitled to parole jail time credit for the time period after his prior sentences were interrupted, for to do so would, in effect, be to grant him double credit for such time. As petitioner's release dates were correctly calculated, the petition was properly dismissed.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.