■ In the Matter of BAJRO HOT, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [912 NYS2d 813]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered December 29, 2009 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Sullivan County Sheriff to dismiss the petition.

In May 2005, petitioner, who was on probation for a conviction rendered in Sullivan County, was arrested in New York County on a robbery charge and committed to the custody of respondent New York City Department of Correction. A violation of probation petition was then filed in Sullivan County and, on July 13, 2005, petitioner pleaded guilty to violating his probation and was resentenced to a prison term of 1 to 3 years, which sentence he commenced serving in October 2006 when he was delivered to the custody of respondent New York Department of Correctional Services (*see* Penal Law § 70.30 [1]). Petitioner was subsequently convicted on the robbery charge in New York County and sentenced to an eight-year prison term, to be served consecutively to the previously imposed sentence.

In October 2008, while incarcerated, petitioner received a notice indicating, among other things, that he was entitled to a total of 512 days of jail time credit. In November 2008, petitioner contacted the Office of Sentencing Review, as well as Supreme Court, claiming, among other things, that his jail time credit had been improperly calculated. After petitioner again contacted Supreme Court in February 2009 and requested assistance in the matter, the court assigned counsel to him. This

CPLR article 78 proceeding was commenced in July 2009 and the court thereafter granted a motion by respondent Sullivan County Sheriff to dismiss the petition as untimely. Petitioner appeals.

While we disagree with Supreme Court that this proceeding was untimely commenced, we agree with respondents that the petition nevertheless must be dismissed on the merits (*see e.g. Matter of Blake v Travis*, 35 AD3d 925, 926 [2006]). The record reflects that petitioner received credit for all of the days that he was confined prior to October 11, 2006, the date on which he was committed to the custody of the Department of Correctional Services. In particular, the 500 days he spent in the custody of the New York City Department of Correction between May 2005 and September 2006 awaiting resolution of the robbery charge were properly credited against the aggregate of his consecutive sentences (*see* Penal Law § 70.30 [3]). Any time served after October 11, 2006 is properly considered time served toward the Sullivan County sentence rather than jail time credit against the subsequent New York County sentence (*see Matter of Villanueva v Goord*, 29 AD3d 1097, 1098 [2006]). As the record reflects that petitioner has been credited with all of the jail time to which he is entitled, and we find no error in the calculation of petitioner's release dates, the petition was properly dismissed (*see Matter of Blake v Travis*, 35 AD3d at 926).

To the extent not specifically addressed, petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.