■ In the Matter of JORGE MENA, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [923 NYS2d 777]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 13, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's prison sentence.

Petitioner was convicted of robbery in the first degree in November 1989 and sentenced to a prison term of 2 to 6 years. He was thereafter released to parole in February 1991 and, on November 1, 1993, arrested on new charges. Petitioner was found guilty of, among other things, murder in the second degree in November 1994, but sentencing did not take place until May 5, 1995, when he was sentenced as a second felony offender to an aggregate prison term of 20 years to life. Based upon the new sentence, the Department of Correctional Services calculated petitioner's parole eligibility date to be December 26, 2014 and he then commenced this CPLR article 78 proceeding to challenge that calculation. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Contrary to petitioner's contention, his parole was not revoked by operation of law, as the maximum expiration date on his 1989 sentence was December 28, 1994 and petitioner was not sentenced on the 1993 charges until May 1995 (*see* Executive Law § 259-i [3] [d] [iii]). Therefore, petitioner continued to serve his 1989 sentence after his incarceration in November 1993 until that sentence expired on its own terms on December 28, 1994. Thus, the Department properly credited all prison time thereafter served to the new commitment on his 1995 sentences (*see Matter of Hot v New York State Dept. of Correctional Servs.*, 79 AD3d 1383, 1384 [2010], *lv denied* 16 NY3d 710 [2011]; *Matter of Villanueva v Goord*, 29 AD3d 1097, 1098 [2006]; *Matter of Du Bois v Goord*, 271 AD2d 874, 875-876 [2000]).

To the extent not specifically addressed, petitioner's remaining contentions have been considered and found to be without merit.

Peters, J.P., Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.