Appeal from a judgment of the Supreme Court (Feldstein, J.), *1576 entered August 19, 2011 in St. Lawrence County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Sheriff of St. Lawrence County calculating petitioner’s jail time credit.
Petitioner was convicted of burglary in the third degree in November 1998 and sentenced, as a second felony offender, to a prison term of 3x/2 to 7 years to be served consecutively to previously imposed sentences. He was thereafter released to parole supervision in March 2007, but was arrested in September 2007 on new charges. A notice of parole violation and warrant were issued but the warrant was canceled when, on June 2, 2008, petitioner reached the maximum expiration date on his 1998 conviction. Petitioner remained in local custody in connection with the 2007 charges.
Thereafter, following his conviction on the 2007 charges, petitioner was sentenced in October 2008 to two consecutive prison terms of 3 to 6 years. Petitioner was credited with 139 days of jail time by respondent Sheriff of St. Lawrence County, representing the period of incarceration between the maximum expiration of his 1998 sentence and his commitment to the Department of Corrections and Community Services for his 2008 sentence. Petitioner then commenced this CPLR article 78 proceeding to challenge that calculation. Supreme Court dismissed the petition and petitioner now appeals.
We affirm. Petitioner contends that, inasmuch as his parole delinquency was canceled when he reached his maximum expiration date on the 1998 sentence, the entire time of his incarceration between September 2007 and his remand to prison in October 2008 should have been credited toward his 2008 sentence. We disagree. Although petitioner’s parole was not revoked, any jail time prior to petitioner’s maximum expiration date on June 3, 2008 was credited toward his 1998 sentence until that sentence expired on its own terms and, therefore, that time could not be credited toward his 2008 sentences (see Penal Law § 70.30 [3]; Matter of Mena v Fischer, 84 AD3d 1611, 1611 [2011], lv denied 17 NY3d 710 [2011]; Matter of Du Bois v Goord, 271 AD2d 874, 875-876 [2000]).
To the extent not specifically addressed, petitioner’s remaining contentions have been considered and found to be without merit.
Peters, BJ., Mercure, Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.