Appeal from a judgment of the Supreme Court (McNamara, J.), entered March 16, 2011 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision computing jail time credit.
*1302 Petitioner was sentenced in 1992 to concurrent prison terms of 1 to 3 years stemming from his conviction of two counts of burglary in the third degree. Petitioner’s conditional release date was established as February 15, 1994, on which date he was released from state custody but remanded to local custody to face outstanding charges. He was thereafter sentenced in 1994 as a second felony offender to an aggregate prison term of 22V2 to 45 years.
Thereafter, in 2009, a correction to petitioner’s conditional release date affecting his 1992 sentence was made, resulting in a conditional release date of June 21, 1993. Petitioner commenced this CPLR article 78 proceeding claiming that the 239 days that he remained in custody beyond the corrected conditional release date of June 21, 1993 should be applied to his 1994 sentence. Supreme Court dismissed the petition and this appeal ensued.
We affirm. Penal Law § 70.30 (3) provides that jail time credit “shall not include any time that is credited against the term or maximum term of any previously imposed sentence ... to which the person is subject” (see Matter of Hot v New York State Dept. of Correctional Servs., 79 AD3d 1383, 1384 [2010], lv denied 16 NY3d 710 [2011]; Matter of Villanueva v Goord, 29 AD3d 1097, 1098 [2006]). Here, petitioner’s 1992 sentence did not expire until June 21, 1994. Notwithstanding the error in the conditional release date, the fact remains that petitioner was in custody as a result of the 1992 sentence. The 239 days in question were properly credited to the maximum expiration of that 1992 sentence rather than the subsequently imposed 1994 sentence.
Petitioner’s remaining contentions are either unpreserved or have been reviewed and found to be without merit.
Peters, P.J., Mercure, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.