*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                518171
_____

In the Matter of STEVEN
    SANTIAGO,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
A. GERMAIN, as Inmate
    Records Coordinator at Cape
    Vincent Correctional
    Facility, et al.,
                    Respondents.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Rose and Lynch, JJ.

_____

        Steven Santiago, Cape Vincent, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (Breslin, J.),
entered December 4, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision calculating the length of
petitioner's prison sentence.

        Supreme Court properly dismissed this CPLR article 78
proceeding, which petitioner commenced to challenge the
computation of his jail time credit.  While on parole from a 2004
conviction, petitioner was arrested and charged with a new
offense in 2006.  Petitioner remained in local custody while he
awaited resolution of the 2006 offense, but his parole was never

formally revoked. The 2004 sentence accordingly reached its maximum expiration date on March 13, 2007, when petitioner's parole was discharged. Petitioner was thereafter convicted of the charge underlying his 2006 arrest in June 2007, and was transferred to a state prison shortly thereafter. He was credited with 259 days of jail time toward his 2007 sentence, but that credit was ultimately reduced to reflect only the period of jail time from March 14, 2007 onward. Inasmuch as the jail time prior to March 14, 2007 was credited toward the 2004 sentence, the 2007 sentence was appropriately credited only with the jail time served thereafter (see Penal Law § 70.30 [3]; Matter of Murphy v Wells, 95 AD3d 1575, 1576 [2012], lv denied 19 NY3d 811 [2012]).

Petitioner was released to postrelease supervision in July 2008 and, in August 2008, found himself back in local custody. He was restored to postrelease supervision in November 2008.[1] He remained in jail until February 19, 2010, when he was sentenced to a new prison term as the result of the August 2008 charges. Because petitioner's prior period of postrelease supervision had not concluded, only the jail time served from February 19, 2010 onward could be credited toward the 2010 sentence (see e.g. People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1572-1573 [2012]).

Petitioner's remaining arguments have been considered and found to lack merit.

Peters, P.J., Lahtinen, McCarthy, Rose and Lynch, JJ., concur.

---

[1] Subsequent to Supreme Court's decision, officials realized that the amended jail time certificate had failed to credit petitioner for much of the jail time that he served from August 2008 to November 2008 and, accordingly, issued a second amended jail time certificate correcting that error.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court