*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 13, 2015                    520059
_____

In the Matter of FRANK F.
    RUSSELL,
                        Appellant,

            v                                MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., Lahtinen, Rose and Lynch, JJ.

_____

        Frank F. Russell, Syracuse, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Collins, J.),
entered September 26, 2014 in Albany County) which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision calculating petitioner's
jail time credit.

        In 1992, 1995 and 2003, petitioner was convicted,
respectively, of the crimes of attempted assault in the second
degree, criminal possession of a controlled substance in the
third degree and attempted criminal possession of a controlled
substance in the fifth degree.  The indeterminate sentences for
these crimes, ranging from 1½ to 3 years to 4½ to 9 years in
prison, ran consecutively and, after they were imposed,

petitioner was periodically released to parole supervision and later declared delinquent.  He was finally restored to parole supervision on January 4, 2006, at which time the maximum expiration date of his 1992, 1995 and 2003 sentences was September 28, 2008.

While on parole, petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and, on March 9, 2007, he was sentenced as a second felony offender to concurrent prison terms of nine years, to be followed by 3½ years of postrelease supervision, which sentences were to run consecutively to his 1992, 1995 and 2003 sentences.[1]  He was declared delinquent and his parole was revoked as of March 9, 2007.  Petitioner was received into the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on March 14, 2007.  At such time, he was granted 374 days of jail time credit for the period that he was in local custody from March 7, 2006 to March 15, 2007, giving him a maximum expiration date for his 2007 crimes of March 6, 2015.  After it was discovered that the time he spent in local custody from March 7, 2006 to March 9, 2007 had been credited toward his 1992, 1993 and 2003 sentences, the credit was reduced to seven days for the period March 9, 2007 to March 15, 2007, giving him a maximum expiration date for his 2007 crimes of March 8, 2016.  Petitioner requested DOCCS to recalculate his jail time credit, but it concluded that his jail time credit was properly reduced.  He commenced this CPLR article 78 proceeding as a result and, following joinder of issue, Supreme Court dismissed the petition.  This appeal ensued.

We affirm.  Pursuant to Penal Law § 70.30 (3), jail time credit shall not be applied against a subsequent sentence when it has already been applied toward time served on a previous sentence (see Matter of Santiago v Germain, 121 AD3d 1479, 1480

---

[1]  That portion of the 2007 sentence imposing 3½ years of postrelease supervision was reduced on appeal to three years (People v Russell, 83 AD3d 1463 [2011], lv denied 17 NY3d 800 [2011]).

[2014]; Matter of Blake v Dennision, 57 AD3d 1137, 1138 [2008], lv denied 12 NY3d 710 [2009]).  Here, the record reveals that petitioner's 1992, 1995 and 2003 indeterminate sentences ran uninterrupted from the time that he was restored to parole supervision on January 4, 2006 until he was sentenced on March 9, 2007 for his 2007 crimes.  It further discloses that the time he spent in local custody from March 7, 2006 until March 9, 2007 was credited toward his 1992, 1995 and 2003 sentences.  In view of this, petitioner was not entitled to have such time also credited against his 2007 sentences (see People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1572-1573 [2012]).  Petitioner's reliance on Matter of Sparago v New York State Bd. of Parole (132 AD2d 881 [1987], mod 71 NY2d 943 [1988]) does not compel a contrary conclusion for here, unlike Sparago, petitioner's release on the indeterminate sentences was revoked by operation of law (see Executive Law § 259-i [3] [d] [iii]).  Therefore, Supreme Court properly dismissed the petition.

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court