■ In the Matter of ANGEL MALDONADO, Appellant, v TIMOTHY B. HOWARD, as Sheriff of Erie County, et al., Respondents. [49 NYS3d 317]—

Rose, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 2, 2016 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Erie County Sheriff calculating petitioner's jail time credit.

In 2003, petitioner was sentenced to an aggregate prison term of 5 to 15 years. He was paroled in May 2009, but twice violated parole and was returned to custody, the second time in April 2010. He was released again to parole supervision in September 2010. Petitioner was arrested on a parole violation warrant on May 18, 2011. On May 25, 2011, while being held on the parole violation warrant, petitioner was also charged with grand larceny in the third degree. Petitioner's parole was revoked in August 2011 and a three-month delinquent time assessment was imposed. On November 9, 2011, upon expiration of the delinquent time assessment, petitioner's parole was restored but he remained incarcerated pending the disposition of the grand larceny charge. Petitioner was convicted of that charge and was sentenced on January 7, 2013 to a prison term

of 3½ to 7 years, with that sentence to run consecutively to the 2003 sentence.

Petitioner was received by the Department of Corrections and Community Supervision on January 24, 2013, and he was ultimately granted 186 days of jail time credit on the 2013 conviction, corresponding to the time periods from May 25, 2011 to November 9, 2011 and from January 7, 2013 to January 23, 2013. Petitioner commenced this CPLR article 78 proceeding challenging the calculation of his jail time credit on the 2013 sentence and, following joinder of issue, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. "Although jail time credit is authorized for time spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence, jail time credit shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject" (*Matter of Villanueva v Goord*, 29 AD3d 1097, 1098 [2006] [internal quotation marks, ellipsis and citation omitted]; *see* Penal Law § 70.30 [3]; *Matter of Russell v Annucci*, 131 AD3d 772, 773 [2015]). Petitioner argues that he should also receive jail time credit on the 2013 sentence for the time period from November 10, 2011 to January 6, 2013. Inasmuch as the record reflects that petitioner's 2003 sentence resumed running on November 10, 2011 and his next delinquency date was January 7, 2013, the time period in question was properly credited to the 2003 sentence (*see Matter of Russell v Annucci*, 131 AD3d at 773). Accordingly, that time period may not also be credited to the 2013 sentence (*see* Penal Law § 70.30 [3]). Contrary to petitioner's contention, *Matter of Sparago v New York State Bd. of Parole* (132 AD2d 881 [1987], *mod* 71 NY2d 943 [1988]) does not compel a contrary result, as that case is factually distinguishable from this case.

Peters, P.J., McCarthy, Garry and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs. 