Matter of Manley v Annucci (2018 NY Slip Op 08603)





Matter of Manley v Annucci


2018 NY Slip Op 08603


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526539

[*1]In the Matter of JOE MANLEY, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Alissa R. Hull, Prisoners' Legal Services of New York, Ithaca, for appellant.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for Anthony J. Annucci, respondent.
Zachary Carter, Corporation Counsel, New York City (Julie Steiner of counsel), for Joseph Ponte, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Mott, J.), entered January 24, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination denying his request for additional jail time credit.
Petitioner was charged in an indictment with multiple drug-related crimes following his arrest in January 2002. In April 2003, he was convicted of these crimes and was sentenced to a lengthy term of imprisonment. While this case was pending, petitioner remained in the custody of the New York City Department of Corrections (hereinafter NYCDOC) and, during such time, was charged in a second indictment with additional crimes, including murder in the second degree, arising from conduct that occurred in February 2002. On August 1, 2003, he was transferred to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) to begin serving the sentences imposed on his April 2003 convictions. Between September 2003 and December 2004, he was returned to the custody of NYCDOC various times for pretrial proceedings related to the charges contained in the second indictment.[FN1]
On December 27, 2004, the Appellate Division, Second Department reversed three out of four of petitioner's April 2003 convictions and vacated the sentences imposed, leaving only his conviction of criminal possession of marihuana in the fifth degree remaining, for which he was sentenced to 90 days in jail (People v Manley, 13 AD3d 653, 654 [2004], lv denied 4 NY3d 833 [2005]). In accordance therewith, petitioner was released from DOCCS's custody in January 2005 and returned to the custody of NYCDOC. In May 2005, he was convicted of the crimes charged in the second indictment, including murder in the second degree, and was sentenced to an aggregate term of 25 years to life in prison [FN2]. He was transferred back to DOCCS's custody on October 24, 2005 and was granted 791 days of jail time credit toward his May 2005 convictions.
Thereafter, petitioner requested DOCCS and NYCDOC to grant him additional jail time credit for specific time periods between August 1, 2003 and December 27, 2004, while he was either in the custody of DOCCS or NYCDOC, totaling approximately 524 days [FN3]. When his request was denied, he commenced this CPLR article 78 proceeding to annul that determination. Following joinder of issue, Supreme Court concluded that petitioner was provided the proper jail time credit and dismissed the petition. Petitioner now appeals.
Petitioner contends that, pursuant to Penal Law § 70.30 (3) and (5), he should receive additional jail time credit for the time that he spent in custody prior to the commencement of the sentences on his May 2005 convictions. He maintains that the majority of his April 2003 convictions were reversed and, even though he remained convicted of criminal possession of marihuana in the fifth degree for which he was sentenced to 90 days in jail, such sentence did not constitute a "previously imposed sentence" precluding him from receiving the requested jail time credit under the statute. We are not persuaded.
Penal Law § 70.30 (3) dictates the manner in which the time that a defendant spends in local custody awaiting the disposition of criminal charges is credited against the sentence that is ultimately imposed with respect to such charges. The statute provides generally that "[t]he term of a definite sentence . . . or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence" (Penal Law § 70.30 [3])[FN4]. The statute further provides that "[t]he credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term of maximum term of any previously imposed sentence" (Penal Law § 70.30 [3] [emphasis added]).
Here, between August 1, 2003 and December 27, 2004, petitioner was in custody on charges that culminated in his April 2003 convictions. During the same time period, he was being held on charges that ultimately resulted in his May 2005 convictions. His time in custody, however, was credited toward the sentences imposed on his earlier April 2003 convictions. The subsequent reversal of the majority of these convictions and vacatur of the sentences imposed does not operate to automatically reinstate the jail time credit previously used so that it may be used again to reduce the sentences imposed on petitioner's May 2005 convictions. Significantly, even after the appeal, petitioner remained convicted of the original 2003 charge of criminal possession of marihuana in the fifth degree, which carried a 90-day jail sentence and, as such, was still subject to a previously imposed sentence for purposes of Penal Law § 70.30 (3) [*2](compare People ex rel. Bridges v Malcolm, 44 NY2d 875, 877 [1978]; People ex rel. Davis v Arnette, 44 NY2d 877, 878-879 [1978]).
Moreover, petitioner may not avail himself of the "dismissal-acquittal" provision set forth in Penal Law § 70.30 (3) (b) to obtain the relief requested. That provision states that, "[i]n any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody" (Penal Law § 70.30 [3] [b]). Significantly, courts have held that this provision is not applicable to dismissals that result from a successful appeal (see Matter of Hawkins v Coughlin, 72 NY2d 158, 164 [1988]; Matter of Mullen v Coughlin, 142 AD2d 5, 6-7 [1988], lv denied 73 NY2d 708 [1989]). Here, not only did the reversal of the majority of petitioner's April 2003 convictions result from a successful appeal, but not all of the charges were, in fact, dismissed as petitioner's conviction of criminal possession of marihuana in the fifth degree remained.
Finally, petitioner's reliance on Penal Law § 70.30 (5) is misplaced. That provision states that, "[w]hen a sentence of imprisonment that has been imposed on a person is vacated and a new sentence is imposed on such person for the same offense, or for an offense based upon the same act, the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence" (Penal Law § 70.30 [5]). Although the sentences imposed on three out of four of petitioner's April 2003 convictions were vacated, no new sentences were imposed for these offenses or for offenses that were based upon the same acts. Rather, petitioner's May 2005 convictions were based upon completely different offenses arising from different acts and, as such, did not trigger the operation of Penal Law § 70.30 (5).
We have considered petitioner's remaining arguments and find them to be without merit. In view of the foregoing, Supreme Court properly concluded that petitioner was not entitled to additional jail time credit and dismissed the petition.
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: He was also held in the custody of NYCDOC on a third indictment charging him with assault in the second degree stemming from a May 2004 incident that occurred while he was in jail.

Footnote 2: The parties agree that the May 17, 2002 date set forth in the uniform sentence and commitment order was incorrect and the correct date is May 17, 2005. In addition, petitioner was convicted in July 2015 of assault in the second degree as charged in the third indictment, with the sentence to run concurrently with the sentence on his May 2005 convictions.

Footnote 3: DOCCS maintains that the actual number of days at issue is 515.

Footnote 4: For purposes of the statute, "[a]n indeterminate or determinate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of [DOCCS]" (Penal Law § 70.30 [1]).