Matter of Lewis v Holford (2019 NY Slip Op 00516)





Matter of Lewis v Holford


2019 NY Slip Op 00516


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526825

[*1]In the Matter of GIL LEWIS, Appellant,
v
DIANE H. HOLFORD, as Sentencing Review Coordinator, Office of Sentencing Review, et al., Respondents.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Pritzker, JJ.


Gil Lewis, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Hard, J.), entered May 18, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision calculating petitioner's jail time credit.
In September 1995, petitioner was convicted of criminal possession of a controlled substance in the fifth degree and sentenced, as a second felony offender, to a prison term of 2 to 4 years. In April 1997, petitioner was released from prison on parole supervision; however, on November 25, 1998, while still on parole, petitioner was arrested for assault in the first degree and taken into local custody. While in local custody, petitioner was discharged from parole supervision upon completion of his 1995 sentence on its maximum expiration date of April 7, 1999. In April 2000, petitioner was convicted of assault in the first degree (two counts) and kidnapping in the first degree (three counts) and sentenced, as a second felony offender, to a prison term of 15 years to life for his kidnapping conviction and a consecutive prison term of eight years for his assault conviction, in addition to equal or lesser concurrent sentences on his remaining convictions (People v Lewis, 7 AD3d 465, 465 [2004], lv denied 3 NY3d 677 [2004]), and was received into the custody of respondent Department of Corrections and Community Supervision on April 26, 2000. After petitioner's jail time credit was established at 384 days based upon the allocable time that he spent in local custody from April 8, 1999 to April 25, 2000, he commenced this CPLR article 78 proceeding asserting that, because his November 1998 arrest interrupted his 1995 sentence, his 1995 and 2000 sentences were concurrent, thereby entitling him to additional credit against his 2000 sentence for the time that he served on his 1995 sentence. Supreme Court dismissed the petition, and petitioner appeals.
Initially, we discern no error in the amount of jail time credit applied against petitioner's 2000 sentence. "Penal Law § 70.30 (3) dictates the manner in which the time that a defendant [*2]spends in local custody awaiting the disposition of criminal charges is credited against the sentence that is ultimately imposed with respect to such charges" (Matter of Manley v Annucci, ___ AD3d ___, ___, 2018 NY Slip Op 08603, *1 [2018]). To that end, jail time credit is authorized for time "spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence" (Penal Law § 70.30 [3]; see Matter of Villanueva v Goord, 29 AD3d 1097, 1098 [2006]). Jail time credit is required to "be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence" (Penal Law § 70.30 [3]; see Matter of Manley v Annucci, 2018 NY Slip Op 08603 at *1; Matter of Phillips v Annucci, 161 AD3d 1439, 1440 [2018], lv denied 32 NY3d 907 [2018]). Here, because petitioner's 1995 sentence ran uninterrupted from September 12, 1995 — the date that he was received into custody for the 1995 sentence — to his maximum expiration date of April 7, 1999, the period of allocable time that he spent in local custody from his November 25, 1998 to April 7, 1999 was properly credited to his 1995 sentence. Inasmuch as petitioner received credit for that time against his 1995 sentence, it cannot also be used as a credit towards his 2000 sentence (see Penal Law § 70.30 [3]; Matter of Smith v Annucci, 162 AD3d 1430, 1431-1432 [2018], lv denied 32 NY3d 909 [2018]; Matter of Phillips v Annucci, 161 AD3d at 1440; Matter of Hot v New York State Dept. of Correctional Servs., 79 AD3d 1383, 1384 [2010], lv denied 16 NY3d 710 [2011]).
Petitioner contends, however, that his 1995 sentence was not yet discharged when he was sentenced in 2000 because his November 1998 arrest for new crimes automatically revoked his parole and interrupted the 1995 sentence, thus entitling him to additional credit against his 2000 sentence for time served in connection with the alleged concurrent 1995 sentence (see Penal Law §§ 70.25 [1] [a]; 70.30 [1] [a]). We disagree. An inmate's parole is not automatically revoked solely upon an arrest but upon sentencing (see Executive Law § 259-i [3] [d] [iii]; 9 NYCRR 8003.2; People ex rel. Snell v Superintendent of Greene Corr. Facility, 164 AD3d 1003, 1004 [2018]; Matter of Brown v Stanford, 163 AD3d 1337, 1338-1339 [2018], lv denied 32 NY3d 910 [2018]). Here, although petitioner was charged with new crimes while his 1995 sentence was undischarged, he was not sentenced on those new charges until 2000, which occurred after the 1995 sentence had reached is maximum expiration date. Accordingly, given that petitioner's uninterrupted 1995 sentence was discharged before petitioner was sentenced in April 2000 (see Executive Law § 259-i [3] [d] [iii]; Matter of Mena v Fischer, 84 AD3d 1611, 1611 [2011], lv denied 17 NY3d 710 [2011]), the sentences were at no point concurrent, and the Department of Corrections and Community Supervision properly limited the jail time credit applied against petitioner's 2000 sentence to the allocable time that he spent in local custody from April 8, 1999 to April 25, 2000. To the extent that we have not specifically addressed petitioner's remaining contentions, we have considered them and find them to be without merit.
Garry, P.J., Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.