■ In the Matter of LEROY BROOKS, Appellant, v STEPHEN DALSHEIM, as Superintendent of Downstate Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered February 2, 1984 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination refusing petitioner's request for increased jail-time allowance. ¶ After his conviction of criminal possession of a weapon in the third degree, a two- to four-year sentence was imposed upon petitioner which he is currently serving. In an attempt to gain credit for 675 days on this sentence for time served on a previous charge which was ultimately dismissed (see Penal Law, § 70.30, subd 3), petitioner commenced this CPLR article 78 proceeding in Dutchess County, where he was then incarcerated. When petitioner was transferred to Adirondack Correctional Facility, Special Term in Dutchess County, *sua sponte,* transferred this proceeding to Clinton County.[1] Petitioner sought leave to appeal this order, but the Second Department denied leave to appeal. Special Term in Clinton County dismissed petitioner's application and this appeal followed. ¶ If we were to reach the merits, we would be obliged to affirm Special Term's dismissal of the petition on the authority of this court's decision in *People ex rel. Dunne v Jones* (77 AD2d 729). Petitioner, recognizing that success in this proceeding is more likely under the Second Department's decision in *Henderson v Reid* (79 AD2d 1019), challenges the transfer of this proceeding from Dutchess County and we tend to agree that Special Term did not have authority to transfer the proceeding *sua sponte* (see *Powers v Delaware & Hudson R. R. Corp.,* 15 AD2d 620; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 509:1, p 69; 29 NY Jur 2d, Courts and Judges, § 404, p 129). Respondents, however, argue that the proceeding should be dismissed because of the nonjoinder of a party who should have been joined (see CPLR 1001, 1003).[2] Specifically, respondents claim that the Commissioner of Correction of New York City (commissioner) should have been joined because petitioner is seeking additional credit for jail time spent in correctional facilities in New York City and, if petitioner is successful, the commissioner will be required, pursuant to section 600-a of the Correction Law, to recompute petitioner's jail time and to deliver a certified transcript of the record of petitioner's jail time (see, also, *People ex rel. Henderson v Casscles,* 66 Misc 2d 492, 495). In a proceeding such as this, the failure to join the commissioner requires dismissal of the petition (*id.,* at p 496), but petitioner may commence a proceeding against the commissioner returnable in any county in the judicial district where the original computation of his jail time was made (*id.;* see CPLR 7804, subd [b]; 506, subd [b]). ¶ Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

1. Although Adirondack Correctional Facility is in Essex County not Clinton County, both counties are in the same Judicial District (the Fourth) and, thus, this oversight is not fatal to the transfer (see CPLR 506, subd [b]).

2. Respondents' failure to raise this objection below does not prevent us from considering this issue for the first time on appeal (*Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1001.03).