■ In the Matter of JEAN BERNIER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [712 NYS2d 176] —Mugglin, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered November 19, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for failure to state a cause of action.

On June 11, 1991, petitioner was sentenced in Federal court to 35 years in prison. Petitioner was subsequently returned to State custody and upon conviction sentenced in Supreme Court, New York County, on January 16, 1992 to an aggregate term of 12½ to 25 years, to run consecutively to the Federal sentence. In this proceeding, petitioner challenges his subsequent return to Federal custody contending that Penal Law § 70.20 (3) requires that he serve his consecutive New York sentence first. Respondent moved for dismissal for failure to state a cause of action and for failure to join necessary parties. Supreme Court dismissed for failure to state a cause of action.

We affirm on the alternate ground that the petition must be dismissed for failure to name and serve a necessary party. As a consequence we do not reach the merits of the sufficiency of the petition. By reason of the fact that the State conviction occurred in New York City, the New York City Commissioner of Correction is assigned the duty to deliver petitioner to the proper institution upon conviction (*see*, CPL 430.30). Since the City Commissioner is the official required to act and who also maintains the records which would reflect which jurisdiction first arrested petitioner and whether there was a waiver of primary jurisdiction, this official is a necessary party and failure to join him results in dismissal (*see*, CPLR 3211 [a] [10]; *see, e.g., Matter of Brooks v Dalsheim*, 103 AD2d 986).

Crew III, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.