■ In the Matter of CLARENCE NEAL, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 455]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered August 22, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner was arrested on September 3, 1998 in Kings County for criminal possession of stolen property in the fourth degree and convicted of this crime on February 11, 1999. He did not appear for sentencing and, on April 6, 1999, a bench warrant was issued for his arrest. On July 2, 1999, petitioner committed the crime of aggravated sexual assault while in New Jersey. Af-

ter his conviction, he was sentenced on August 25, 2000 to 2 to 7 years in prison. On September 25, 2000, he was sentenced to a 90-day jail term for a theft crime which he also committed in New Jersey. On March 12, 2004, petitioner was released from the custody of the New Jersey Department of Corrections. He was returned to New York where, on April 8, 2004, he was sentenced in Supreme Court, Kings County, to 1⅓ to 4 years in prison on the 1999 stolen property conviction. He was received by the Department of Correctional Services on April 27, 2004. The New York City Department of Correction (hereinafter NYCDOC) issued a jail-time certificate crediting him with 201 days for time spent in its custody from September 3, 1998 to February 11, 1999 and from March 19, 2004 to April 26, 2004.

Thereafter, petitioner filed a grievance seeking jail-time credit for the time he served in New Jersey. Following the denial of the grievance by the Central Office Review Committee, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Inasmuch as the Department of Correctional Services is bound by the jail-time certificate issued by NYCDOC (*see Matter of Torres v Bennett*, 271 AD2d 830, 831 [2000]), NYCDOC was a necessary party to this proceeding (*see e.g. Matter of Bernier v New York State Dept. of Correctional Servs.*, 274 AD2d 717 [2000]; *Matter of Brooks v Dalsheim*, 103 AD2d 986 [1984]), but was not named, and the petition should be dismissed for this reason. In any event, were we to reach the merits of petitioner's claim that he was entitled to jail-time credit for his incarceration in New Jersey, we would find it to be unavailing. Penal Law § 70.30 (3) expressly provides that jail-time credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence" (*see Matter of Villanueva v Goord*, 29 AD3d 1097, 1098 [2006]; *Matter of Parker v Endee*, 268 AD2d 823, 823-824 [2000]). Here, the disputed jail time was served as a consequence of the New Jersey conviction which petitioner had already served at the time he was sentenced in Kings County. Petitioner's remaining contentions are either not properly brought in the context of this proceeding or are without merit.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.