■ In the Matter of BRYANT BROWN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [895 NYS2d 890]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered June 9, 2009 in Albany County, which, upon reconsideration, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's prison sentence.

In 2004, petitioner was sentenced as a second violent felony offender to an aggregate prison term of 15 years, plus five years of postrelease supervision, upon his conviction of various

robbery-related crimes. Although the respective sentence and commitment orders directed that the sentences imposed thereunder run concurrently with one another, no mention was made as to the manner in which those sentences were to run relative to petitioner's prior undischarged prison term. The Department of Correctional Services treated petitioner's 2004 sentences as running consecutively to his prior undischarged term, and petitioner commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court annulled the sentencing computation but, upon respondent's motion, granted renewal and dismissed the petition on the authority of *People ex rel. Gill v Greene* (12 NY3d 1 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]). Petitioner now appeals.

Where a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—even in the absence of an express judicial pronouncement to that effect (*see id.* at 5-6; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). Inasmuch as petitioner was sentenced in 2004 as a second violent felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of his sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]). To the extent that petitioner contends that he was denied the benefit of his plea bargain, his remedy is to seek whatever postconviction relief may be available to him in the form of a CPL article 440 motion. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.