◼ In the Matter of JEFFERY GOODSON, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [915 NYS2d 713]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered May 3, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's prison sentence.

In 1983, petitioner was convicted of various crimes and sentenced to an aggregate prison term of 9 to 18 years. Thereafter, in 1993, petitioner was convicted of attempted robbery in the first degree and sentenced as a second felony offender to an additional prison term of 4 to 8 years. While incarcerated in 2001, petitioner was convicted of attempted sale of a controlled substance in the fifth degree and sentenced as a second felony offender to 1½ to 3 years in prison, to be served consecutively to his 1993 sentence. However, respondent was not provided with a commitment order for petitioner's 2001 sentence at that time. As a result, petitioner was mistakenly released to parole supervision in January 2002. Subsequently, petitioner received additional prison sentences resulting from convictions in 2004 and 2007. In July 2009, a copy of petitioner's 2001 commitment order was received by respondent and it recalculated his sentence accordingly. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's calculation. Supreme Court dismissed petitioner's application, and this appeal ensued.

We affirm. Initially, we note that respondent "has a continuing, nondiscretionary, ministerial duty to make accurate calculations of terms of imprisonment, a duty that requires it to correct known errors" (*Matter of Patterson v Goord*, 299 AD2d 769, 770 [2002] [internal quotation marks and citations omitted]; *accord Matter of Colon v Fischer*, 74 AD3d 1670, 1671 [2010], *lv denied* 15 NY3d 710 [2010]). Petitioner argues that the delay in calculating his 2001 sentence "interrupted" his sentence pursuant to CPL 430.10, thereby causing him prejudice. However, the record discloses that the entire period of time since the begin-

ning of his incarceration in 1983 has been credited to petitioner as time served, including the time that he was erroneously released on parole, and, therefore, no prejudice can be shown by the delay in including his 2001 sentence in the calculation of his aggregate prison term (*see People v Cavelli*, 50 NY2d 919, 921 [1980]; *Matter of Licitra v Coughlin*, 93 AD2d 349, 350-352 [1983], *affd* 61 NY2d 450 [1984]; *People ex rel. Bilotti v Warden, N.Y. City Correctional Inst. for Men*, 42 AD2d 115, 116 [1973], *appeal dismissed* 34 NY2d 937 [1974]).

Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be without merit.

Cardona, P.J., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.