■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DERRICK MOULTRIE, Appellant, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [944 NYS2d 319]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered August 22, 2011 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In May 2002, petitioner was convicted of a number of crimes and was sentenced to various terms of imprisonment, the longest of which was 4½ to 9 years for the crime of criminal sale of a controlled substance in the third degree. Petitioner was given a maximum expiration date of May 15, 2010 and was conditionally released to parole supervision on May 15, 2007. On December 3, 2008, while on parole, he was arrested for additional drug-related crimes. Following a jury trial, petitioner

was convicted of criminal possession of a controlled substance in the seventh degree and criminal possession of a controlled substance in the fifth degree. On May 25, 2010, he was sentenced, respectively, to concurrent terms of one year in jail and $2^{1}/_{2}$ years in prison to be followed by two years of post-release supervision. Prior to sentencing, he received a certificate of final discharge from parole supervision regarding his 2002 convictions after reaching his maximum expiration date on May 15, 2010.

Petitioner was received into the custody of the New York State Department of Corrections and Community Supervision on June 21, 2010 on his 2010 convictions. At that time, he was issued a certificate crediting him with 565 days of jail time while in the custody of the New York City Department of Corrections (hereinafter NYCDOC) from December 4, 2008 until June 20, 2010, thereby giving him a conditional release date of January 21, 2011 and maximum expiration date of May 31, 2011. Shortly thereafter, however, an amended certificate was issued reducing his jail time credit to 36 days based upon his time in NYCDOC's custody from May 16, 2010 until June 21, 2010, which changed his conditional release date to July 4, 2012 and his maximum expiration date to November 14, 2012.* Petitioner brought this habeas corpus proceeding challenging his time assessment, claiming that he was improperly denied jail time credit and that his conditional release and maximum expiration dates are inaccurate. Supreme Court denied the petition without a hearing and this appeal ensued.

The crux of this appeal turns on whether petitioner is entitled to jail time credit for time spent in NYCDOC's custody from December 4, 2008, following his arrest on the 2010 drug charges of which he was eventually convicted, until May 15, 2010, the date that he reached the maximum expiration date on his 2002 convictions and received his final discharge from parole supervision. Under the provisions of Penal Law § 70.30 (3), we conclude that he is not. While the statute provides generally that the amount of time that a person spends in custody prior to sentencing on a charge is to be credited against the sentence imposed for that charge, it clearly states that "[t]he credit herein provided shall be calculated from the date custody under the charge commences and shall not include any time that is

---

* The certificate and amended certificate governing petitioner's jail time credit were prepared by NYCDOC and certified to the Department of Corrections and Community Supervision, which was bound by such certification, upon petitioner's transfer from local to state custody (see Correction Law § 600-a; *Matter of Neal v Goord*, 34 AD3d 1142, 1143 [2006]).

credited against the term . . . of any previously imposed sentence . . . to which the person is subject" (Penal Law § 70.30 [3]). Here, the time that petitioner was in NYCDOC's custody from December 4, 2008 to May 15, 2010 was credited against the term of imprisonment imposed in connection with his 2002 convictions, resulting in petitioner reaching his maximum expiration date and receiving a final discharge of parole supervision. Under the statute, this jail time credit cannot be counted again for the purpose of calculating the conditional release and maximum expiration dates on petitioner's 2010 convictions (*see Matter of Blake v Dennison*, 57 AD3d 1137, 1138 [2008], *lv denied* 12 NY3d 710 [2009]; *Matter of Villanueva v Goord*, 29 AD3d 1097, 1098 [2006]). Inasmuch the conditional release and maximum expiration dates on petitioner's 2010 convictions did not include this jail time credit, we find that the calculation was proper, and Supreme Court properly denied petitioner's application.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.