*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    519082
_____

In the Matter of ALVELCIO
    NUNEZ,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                        Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                        _____


        Avelcio Nunez, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondent.


                        _____


        Appeal from a judgment of the Supreme Court (DeBow, J.),
entered May 9, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Central Office
Review Committee denying petitioner's grievance.

        On February 12, 2008, while on parole for crimes he was
convicted of in 2005, petitioner was charged with additional
crimes and incarcerated, but no parole violation proceedings were
commenced.  On July 1, 2008, petitioner's adjusted maximum
sentence on his 2005 convictions expired and he was discharged
from parole on those charges while still incarcerated and
awaiting trial on the new charges.  He was convicted on the new
charges and sentenced in February 2010 to an aggregate term of 8½

years in prison.  He was received into respondent's custody on February 12, 2010 and credited with 731 days of jail time, including the 141 days from February 12, 2008 to July 1, 2008.  However, petitioner's jail time credit was subsequently reduced to 590 days after it was determined that the subject 141 days should have been credited against the 2005 sentence.  Petitioner filed a grievance challenging the recomputation of his jail time credit, and his grievance was ultimately denied by the Central Office Review Committee.  He then commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court following joinder of issue.  This appeal by petitioner ensued and we now affirm.

The 141 days of jail time earned from the date of incarceration on the new charges (February 12, 2008) until the maximum expiration date of the 2005 sentence (July 1, 2008) was properly credited toward the 2005 sentence (see Penal Law § 70.30 [3]; Matter of Booker v Laffin, 98 AD3d 1213, 1213-1214 [2012]), and petitioner is not entitled to have that same credit applied toward the sentences imposed on his 2010 convictions (see People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1573 [2012]).

Lahtinen, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court