*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    519620
_____

In the Matter of DEMETRIUS
    PARKER,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Demetrius Parker, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 14, 2015 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Erie County Sheriff calculating petitioner's jail time credit.

        In 2006, petitioner was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.  He was sentenced concurrently to two years in prison on both charges, to be followed by postrelease supervision of two and three years, respectively.  Petitioner was received into the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on July 14, 2006.

Thereafter, he was released by DOCCS to postrelease supervision on two separate occasions and both times he was declared delinquent. At the time of his second release in 2009, the postrelease supervision maximum expiration date on his 2006 sentences was June 14, 2011. After the second declaration of delinquency was issued on April 1, 2010, petitioner served time in local custody and no final revocation hearing was held. Consequently, his 2006 sentences continued to run uninterrupted and he completed serving them on June 14, 2011.

On June 21, 2011, petitioner was sentenced to five years in prison and five years of postrelease supervision upon his conviction of attempted criminal possession of a weapon in the second degree. He was received by DOCCS on July 5, 2011 at which time he was given 331 days of jail time credit toward his 2011 sentence. This credit, however, was subsequently reduced to 20 days after it was discovered that petitioner had already received credit for certain time periods, specifically April 8, 2010 to April 18, 2010 and August 19, 2010 to June 14, 2011, toward his 2006 sentences. Petitioner commenced this CPLR article 78 proceeding challenging the calculation of his jail time credit and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We affirm. Penal Law § 70.30 (3) provides, in relevant part, that jail time credit "shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision." Here, the time periods that petitioner was in local custody between March 15, 2009 and June 14, 2011 were credited toward the postrelease supervision segments of his 2006 sentences, resulting in his completion of the sentences on June 14, 2011. Inasmuch as petitioner had already received credit for these time periods, they should not have been counted toward his 2011 sentence as well (see Matter of Brown v Apple, 119 AD3d 1295, 1296 [2014]; Matter of Booker v Laffin, 98 AD3d 1213, 1213-1214 [2012]). Therefore, we find that the calculation of petitioner's jail time credit was proper.

Petitioner's reliance on <u>Matter of Sparago v New York State Bd. of Parole</u> (132 AD2d 881 [1987], <u>mod</u> 71 NY2d 943 [1988]) does not compel a contrary result as that case is factually distinguishable from this case.  Finally, we have considered petitioner's remaining contentions and find them to be unpersuasive.

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court