Matter of Phillips v Annucci (2018 NY Slip Op 03590)





Matter of Phillips v Annucci


2018 NY Slip Op 03590


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525578

[*1]In the Matter of CURTIS PHILLIPS, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: April 3, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Curtis Phillips, Wallkill, appellant pro se.
Barbara D. Underwood, Acting Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Fisher, J.), entered August 8, 2017 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision recalculating petitioner's maximum expiration date.
In 1997, petitioner was convicted of numerous crimes and sentenced to concurrent prison terms, the longest of which was 5 to 15 years. Following petitioner's conditional release on parole, he was arrested on July 27, 2006 and held in custody on multiple new felony charges. Although petitioner remained incarcerated, no parole violation proceeding was commenced and
his 1997 sentence continued to run uninterrupted until its maximum expiration date of April 18, 2010. Thereafter, petitioner was convicted on the new felony charges and sentenced in 2011 to concurrent prison terms, the longest of which was 20 years. Petitioner was initially credited with 1,666 days of jail time against his 2011 sentence, which was calculated from the time of his arrest on July 27, 2006 until the imposition of sentencing on February 16, 2011. Subsequently, an amended jail time certification reduced petitioner's jail time credit toward his 2011 sentence to 304 days, representing the time from April 19, 2010 to February 16, 2011. Consequently, respondent Department of Corrections and Community Supervision recalculated petitioner's maximum expiration date as April 12, 2030. Petitioner's challenge to this recalculation was denied, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. Contrary to petitioner's contention, the Department of Corrections and Community Supervision did not calculate petitioner's 1997 sentence and 2011 sentence to run consecutively. Furthermore, we find no error in the amount of jail time credit applied against petitioner's 2011 sentence in order to recalculate his maximum expiration date. Penal Law
§ 70.30 (3) provides, as is relevant here, that jail time credit "shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision." Here, the number of days that petitioner spent in local custody between July 27, 2006 and April 18, 2010 was credited toward his 1997 sentence, which resulted in the completion of that sentence on April 18, 2010. Because petitioner received credit for that time period, it cannot also be used as a credit toward his 2011 sentence (see Matter of Parker v Annucci, 130 AD3d 1115, 1116 [2015]; Matter of Nunez v State of N.Y. Dept. of Corr. & Community Supervision, 125 AD3d 1030, 1030 [2015]; People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1572-1573 [2012]; Matter of Cristostomo v Fischer, 93 AD3d 976, 977 [2012]). As such, we find that the petition was properly dismissed.
Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.