Matter of Velez v New York State, Dept. of Corr. & Community Supervision (2018 NY Slip Op 05243)





Matter of Velez v New York State, Dept. of Corr. & Community Supervision


2018 NY Slip Op 05243


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]In the Matter of JOSE VELEZ, 
v
NEW YORK STATE, DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: June 11, 2018

Before: Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.


Jose Velez, Napanoch, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Walsh, J.), entered May 15, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent recalculating, among other things, petitioner's parole eligibility date.
On April 18, 2011, the New York City Department of Corrections (hereinafter NYCDOC) issued a revised jail time certificate that, among other things, reduced petitioner's jail time credit to 16 days for a period that he spent in NYCDOC's custody in Queens County in 1993. Respondent thereafter recalculated, among other things, petitioner's parole eligibility date to be June 28, 2018 based, in part, on NYCDOC's 2011 jail time certificate [FN1]. Petitioner commenced this CPLR article 78 proceeding against respondent alone challenging, primarily, NYCDOC's recalculation of his jail time credit and respondent's subsequent recalculation of his parole eligibility date based thereon. Supreme Court dismissed the petition on the merits, and petitioner appeals.
While respondent recalculated petitioner's parole eligibility date, it is settled law that, in making those calculations, respondent was "bound by the jail-time certificate issued by NYCDOC" (Matter of Neal v Goord, 34 AD3d 1142, 1143 [2006]; see People ex rel. Moultrie v Yelich, 95 AD3d 1571, 1572 n [2012]; see also Correction Law § 600-a). We agree with respondent that NYCDOC is a necessary party to this proceeding challenging its jail time certificate and, as such, NYCDOC should have been joined in this proceeding (see CPLR 1001 [a]; Matter of Neal v Goord, 34 AD3d at 1143; see e.g. Matter of Bottom v Goord, 96 NY2d 870, 871-872 [2001])[FN2]. NYCDOC is a necessary party to this proceeding "because petitioner is [*2]seeking additional credit for jail time spent in correctional facilities in New York City [under NYCDOC] and, if petitioner is successful, [NYCDOC's] commissioner will be required, pursuant to . . . Correction Law [§ 600-a], to recompute petitioner's jail time and deliver a certified transcript of the record of petitioner's jail time" (Matter of Brooks v Dalsheim, 103 AD2d 986, 986 [1984]).
While respondent did not raise this issue in Supreme Court, it is well-established that "'a court may always consider whether there has been a failure to join a necessary party', including on its own motion, and for the first time on appeal" (Olney v Areiter, 104 AD3d 1100, 1101 [2013] [brackets omitted], quoting City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979]; see Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201, 1204 [2013]). As this Court "may not, on its own initiative, add or direct the addition of a party[,] . . . the matter must be remitted to Supreme Court to order [NYCDOC] to be joined if [it] is subject to the jurisdiction of the court and, if not, to permit [its] joinder by stipulation, motion or otherwise and, if joinder cannot be effectuated, the court must then determine whether the proceeding should be permitted to proceed in the absence of [a] necessary part[y]" (Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d at 1204-1205 [internal quotation marks, brackets and citation omitted]; see CPLR 1001 [b]; 1003; Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222-1223 [2015]; see also Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727 [2008]).
Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Previously, in 1993, NYCDOC had issued a certificate crediting petitioner with 570 days of jail time credit, and respondent had calculated his parole eligibility date to be December 19, 2016.

Footnote 2: While petitioner asserts that he challenged NYCDOC's 2011 jail time certificate in a separate action/proceeding in Supreme Court, Queens County in 2016, which was reportedly dismissed, neither the pleadings nor the court's order/judgment are included in the record on appeal.