Matter of Peterkin v Annucci (2020 NY Slip Op 04219)





Matter of Peterkin v Annucci


2020 NY Slip Op 04219


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

530181

[*1]In the Matter of Anthony J. Peterkin, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Anthony J. Peterkin, Gouverneur, appellant pro se.
Letitia James, Attorney General, Albany (Marcus Mastracco of counsel), for respondents.



Lynch, J.
Appeal from a judgment of the Supreme Court (Farley, J.), entered September 5, 2019 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's sentence.
In 2011, petitioner was convicted of attempted criminal sale of a controlled substance in the third degree and sentenced to a prison term of 1½ years — to be served under parole supervision as part of the Willard drug treatment program — followed by 1½ years of postrelease supervision. Petitioner was declared delinquent and returned to custody on numerous occasions. Petitioner was again declared delinquent on September 5, 2013, but no final revocation hearing was held. While being held in custody, a detainer was lodged for a bench warrant issued in connection with a new indictment charging various crimes. Thereafter, petitioner, on January 4, 2014, reached the maximum expiration date of his 2011 sentence. In August 2014, petitioner was sentenced, as a second felony offender, to concurrent prison terms of 10 years, followed by three years of postrelease supervision, for each of his convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Initially, the St. Lawrence County Sheriff's Department credited petitioner with 416 days of jail time toward the 2014 sentence for the period that he was in custody. Thereafter, the St. Lawrence County Sheriff's Department modified the jail time certificate by reducing the jail time credit toward his 2014 sentence to 240 days, reflecting the time that he spent in custody from January 5, 2014 through September 1, 2014. Petitioner commenced this CPLR article 78 proceeding, contending that he is entitled to 458 days of jail time credit toward his 2014 sentence given the initial jail time calculation of 416 days plus additional time served on a bench warrant and, further, that the 2011 and 2014 sentences ran concurrently. Following joinder of issue, Supreme Court dismissed that petition. Petitioner appeals.
Contrary to petitioner's contention, we find no error in the amount of jail time credit applied to petitioner's 2011 sentence. The initial jail time credit in connection with the 2014 sentence was modified by deducting time petitioner was in custody that was credited toward the 2011 sentence. The Department of Corrections and Community Supervision was bound by the terms of the amended jail time certificate in calculating petitioner's 2014 sentence (see Matter of Rembert v New York State Dept. of Corr. & Community Supervision, 162 AD3d 1439, 1441 [2018]; Matter of Torres v Bennett, 271 AD2d 830, 831 [2000]).
As for the jail time credited toward petitioner's 2014 sentence, Penal Law § 70.30 (3) provides that a person shall receive jail time credit for time "spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." Such jail time credit is to be "calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision to which the person is subject" (Penal Law § 70.30 [3]; see Matter of Hurley v Fox, 133 AD3d 997, 998 [2015]). The record establishes that petitioner's 2011 sentence ran uninterrupted until its maximum expiration date of January 4, 2014. As such, the time spent in custody prior to that date was properly credited toward his 2011 sentence and such time cannot also be used as a credit toward the 2014 sentence (see Matter of Lewis v Holford, 168 AD3d 1303, 1305 [2019]; Matter of Rembert v New York State Dept. of Corr. & Community Supervision, 162 AD3d at 1441; Matter of Maldonado v Howard, 148 AD3d 1501, 1502 [2017], lv denied 29 NY2d 916 [2017]).
To the extent that petitioner contends that the 2011 and 2014 sentences were to run concurrently, such contention is without merit. By the time the 2014 sentence was imposed on August 28, 2014, petitioner was no longer serving the 2011 sentence, as it had expired on January 4, 2014. As such, the sentences could not have run concurrently.
Egan Jr., J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.