Matter of Hillard v Annucci (2021 NY Slip Op 00355)





Matter of Hillard v Annucci


2021 NY Slip Op 00355


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

531779

[*1]In the Matter of Jackie Hillard, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2021

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Jackie Hillard, Rome, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Corcoran, J.), entered June 24, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination calculating petitioner's jail time credit.
In 2014, petitioner was sentenced to a two-year prison term, to be followed by two years of postrelease supervision (hereinafter PRS) upon his conviction for a drug-related crime. He was released to PRS in 2015 and, on March 22, 2017, while still serving PRS, he was arrested and incarcerated on new charges. Although he remained incarcerated on the new charges, no declaration of delinquency was filed by parole officials (see Penal Law § 70.40 [3]) and he continued to serve PRS; his 2014 sentence was discharged on the PRS maximum expiration date of July 20, 2017. Petitioner thereafter pleaded guilty in satisfaction of the 2017 charges and was sentenced, on August 29, 2018, to two concurrent prison terms of 2 to 4 years and five years to be followed by two years of PRS. Initially, when petitioner was received by the Department of Corrections and Community Supervision (hereinafter DOCCS) on September 5, 2018, he was credited with 533 days of jail time toward his 2018 sentence, representing the period from his March 22, 2017 arrest and incarceration to September 5, 2018, the day before he was received by DOCCS to begin the 2018 sentence. On that basis, petitioner's conditional release and maximum expiration dates were calculated.
Subsequently, an amended jail time certification was issued that reduced petitioner's jail time credit toward his 2018 sentence to 412 days, representing the period from July 20, 2017, the day his PRS expired, to September 5, 2018, the day he was received by DOCCS to serve his 2018 sentence. The 121-day disputed period between March 22, 2017, the date of his arrest, and July 20, 2017, the date he completed PRS on the 2014 sentence, was excluded from the jail time credit toward his 2018 sentence. Consequently, DOCCS recalculated petitioner's conditional release date to be October 28, 2021 and his maximum expiration date to be July 18, 2022, and he commenced this CPLR article 78 proceeding challenging the recalculation of his jail time credit. Supreme Court dismissed the petition, and this appeal ensued.
We affirm. Petitioner contends that he is entitled to 121 days of jail time credit toward his 2018 sentence for the period of incarceration between his March 22, 2017 arrest and incarceration on new charges, and July 22, 2017, the day he completed PRS and satisfied his 2014 sentence. Although this period was originally — incorrectly — included in the calculation of his jail time credit toward his 2018 sentence, it was thereafter correctly excluded when his jail time credit was revised, as Supreme Court recognized.
Penal Law § 70.30 (3) governs the calculation of jail time credit. As relevant here, it provides that jail time credit "shall not include any time [*2]that is credited against the term or maximum term of any previously imposed sentence or period of [PRS]" (emphasis added). When petitioner was arrested and incarcerated on March 22, 2017 on new charges, he was still serving PRS for his 2014 sentence and continued to do so, uninterrupted, until the PRS expired on July 20, 2017. Given that the PRS continued to run during this period (March 22, 2017 to July 20, 2017), it was credited toward petitioner's 2014 sentence. Consequently, as petitioner received credit for that time period toward his 2014 sentence, he cannot, under Penal Law § 70.30 (3), also receive credit for that period toward his 2018 sentence (see Matter of Phillips v Annucci, 161 AD3d 1439, 1440 [2018], lv denied 32 NY3d 907 [2018]; Matter of Nunez v State of N.Y. Dept. of Corr. & Community Supervision, 125 AD3d 1030, 1030 [2015]; Matter of Brown v Apple, 119 AD3d 1295, 1296 [2014]; see also Matter of Cowan v Annucci, 172 AD3d 1203, 1204 [2019], lv denied 34 NY3d 907 [2020]; Matter of Parker v Annucci, 130 AD3d 1115, 1116 [2015]). Therefore, we find that the revised calculation of petitioner's jail time credit was proper. Petitioner's remaining contentions have been considered and determined to lack merit.
Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.