Matter of Augugliaro v New York State Dept. of Corr. & Community Supervision (2021 NY Slip Op 05149)





Matter of Augugliaro v New York State Dept. of Corr. & Community Supervision


2021 NY Slip Op 05149


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532722
[*1]In the Matter of Alfred Augugliaro, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Alfred Augugliaro, Cape Vincent, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Cholakis, J.), entered December 18, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent calculating petitioner's jail time credit.
In 1997, petitioner was convicted of attempted robbery in the first degree and was sentenced to a prison term of 3 to 6 years. In 1999, while incarcerated for the sentence previously imposed, petitioner was indicted and charged with murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. He was convicted of those crimes in 2003 and was sentenced to a prison term of 23 years to life upon his murder conviction and to lesser determinate terms of imprisonment upon his weapon convictions. In the absence of a directive by the sentencing court, the sentences imposed in 2003 ran concurrently with the sentence imposed in 1997 (see Penal Law § 70.25 [1] [a]). When petitioner was resentenced in 2012 to the same periods of imprisonment imposed in 2003, the sentencing court indicated that such sentences ran concurrently with one other but again failed to specify whether such terms ran concurrently with or consecutively to the sentence imposed in 1997. As such, the 1997 and 2012 sentences again ran concurrently by operation of law. Consistent with Penal Law § 70.30 (1) (a), the various terms of imprisonment imposed "merge in and [are] satisfied by [the] discharge of the term which has the longest unexpired time to run" — here, petitioner's 23-year minimum term of imprisonment for his murder conviction.
In calculating petitioner's parole eligibility date, respondent credited petitioner with the time spent in respondent's custody upon his robbery conviction (before he began serving his sentence for the murder and weapon convictions) against the 23-year minimum term for his murder conviction. Respondent also initially credited petitioner with the 44 days that he spent in jail for the attempted robbery charge, resulting in a parole eligibility date of July 25, 2020. In 2019, however, respondent recalculated petitioner's parole eligibility date to be September 9, 2020, concluding that petitioner was not entitled to apply the 44-day jail time credit against his 2003 sentence/2012 resentence.
Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's calculation of his jail time credit and resulting parole eligibility date. Following respondent's answer, Supreme Court dismissed the proceeding, finding that petitioner was not entitled to a jail time credit against the sentence imposed upon his murder conviction. This appeal by petitioner followed.
We affirm. Penal Law § 70.30 (3) provides, in relevant part, that a person who has been sentenced to a term of imprisonment receives jail time credit for "the amount of time the person spent in custody prior to the commencement [*2]of such sentence as a result of the charge that culminated in the sentence" (emphasis added). Jail time credit, in turn, is "calculated from the date custody under the charge commenced to the date the sentence commences" (Penal Law § 70.30 [3]). By its own terms, the statute does not permit a person to "double dip," i.e., "a person [is prohibited] from receiving jail time credit against a subsequent sentence when such credit has already been applied to time served on a previous sentence" (Matter of Blake v Dennison, 57 AD3d 1137, 1138 [2008], lv denied 12 NY3d 710 [2009]). Accordingly, as petitioner properly received 44 days of jail time credit toward the 1997 sentence imposed upon his conviction of attempted robbery in the first degree — a credit for the time that he spent in local custody as the result of that charge — he cannot, under the plain language of Penal Law § 70.30 (3), also receive a corresponding credit toward his subsequent sentence/resentence for other crimes (see Matter of Hillard v Annucci, 190 AD3d 1183, 1184 [2021]; Matter of Peterkin v Annucci, 185 AD3d 1337, 1338 [2020]; Matter of Lewis v Holford, 168 AD3d 1303, 1304-1305 [2019]; Matter of Blake v Dennison, 57 AD3d at 1138). Petitioner's related assertion — that he was denied due process when respondent recalculated his parole eligibility date — is equally unpersuasive, as respondent "has a continuing, nondiscretionary, ministerial duty to make accurate calculations of terms of imprisonment, a duty that requires it to correct known errors" (Matter of Goodson v New York State Dept. of Correctional Servs., 80 AD3d 1064, 1064 [2011] [internal quotation marks and citations omitted]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.