Matter of Loya v Annucci (2023 NY Slip Op 01219)

Matter of Loya v Annucci

2023 NY Slip Op 01219

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

535001
[*1]In the Matter of Robert J. Loya, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Robert J. Loya, Saratoga Springs, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Aarons, J.
Appeal from a corrected judgment of the Supreme Court (Patrick McGrath, J.), entered December 29, 2021 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's sentence.
In January 2018, petitioner was sentenced as a second felony offender to 1½ years in prison followed by three years of postrelease supervision. In October 2018, petitioner was conditionally released on postrelease supervision with the remaining portion of his determinate sentence held in abeyance. He was subsequently declared delinquent on December 30, 2018. On January 27, 2019, petitioner was arrested on a forgery charge and held in Saratoga County jail. Based upon his parole violation, petitioner was returned to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) for a 90-day time assessment. At the expiration of that time assessment on June 14, 2019, petitioner was re-released from the custody of DOCCS to continue the postrelease supervision segment of his 2018 sentence and was transferred to the custody of the Saratoga County jail on the pending forgery charge.
On August 12, 2019, petitioner was sentenced to a prison term of 2½ to 5 years — to be served consecutively to the parole portion of the 2018 sentence — following his conviction of forgery in the second degree. On the same day, petitioner was declared delinquent in connection with his 2018 postrelease supervision. Ultimately, and as is relevant to this appeal, the Saratoga County Sheriff's office issued an amended jail time certificate crediting 68 days toward petitioner's 2019 sentence. DOCCS applied the 68-day jail time credit and calculated petitioner's 2019 conditional release date as October 5, 2022 and his maximum expiration date as June 6, 2024.
Petitioner thereafter commenced this CPLR article 78 proceeding against respondent alone, challenging, among other things, the accuracy of the Saratoga County Sheriff's amended jail time certificate and recalculation of his 2019 sentence. Following joinder of issue, Supreme Court dismissed the petition. Petitioner subsequently moved for reargument, alleging that the court misapprehended relevant facts, as the court's decision referenced dates that were unrelated to petitioner's case. By order entered December 29, 2021, the court addressed the merits and denied the motion to reargue and, pursuant to CPLR 5019 (a), issued a corrected judgment rectifying certain clerical mistakes and, again, dismissing the petition. Petitioner appeals.
Although DOCCS was bound by the amended jail time certificate in calculating petitioner's 2019 maximum expiration and conditional release dates (see Matter of Peterkin v Annucci, 185 AD3d 1337, 1338 [3d Dept 2020]; Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [3d Dept 2019], lv denied 34 NY3d 908 [2020]), petitioner [*2]is primarily arguing — in both the petition and on appeal — that the calculation of the jail time credits was improper and seeks an additional credit toward the 2019 sentence. Respondent notes on appeal that, because petitioner is challenging the accuracy of the credit reflected in the amended jail time certificate, the Sheriff, the party responsible for calculating and issuing that jail time certificate (see Correction Law § 600-a), is a necessary party to this proceeding (see CPLR 1001; Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d 1210, 1211-1212 [3d Dept 2018]).[FN1]
"As this Court may not, on its own initiative, add or direct the addition of a party, the matter must be remitted to Supreme Court to order [the Saratoga County Sheriff's office] to be joined if it is subject to the jurisdiction of the court and, if not, to permit its joinder by stipulation, motion or otherwise and, if joinder cannot be effectuated, the court must then determine whether the proceeding should be permitted to proceed in the absence of a necessary party" (Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d at 1212 [internal quotation marks, brackets, ellipsis and citations omitted]; see CPLR 1001 [b]; 1003).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the corrected judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Although respondent raises this issue for the first time on appeal, "a court may always consider whether there has been a failure to join a necessary party, including on its own motion, and for the first time on appeal" (Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d at 1211 [internal quotation marks and citations omitted]; see Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222 [3d Dept 2015]).