Matter of Drayton v Schiff (2024 NY Slip Op 05621)

Matter of Drayton v Schiff

2024 NY Slip Op 05621

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-24-0077
[*1]In the Matter of Edward Drayton, Appellant,
v
Michael A. Schiff, as Sullivan County Sheriff, et al., Respondents.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Edward Drayton, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for the Acting Commissioner of the New York State Department of Corrections and Community Supervision and another, respondents.

McShan, J.
Appeal from a judgment of the Supreme Court (Stephan G. Schick, J.), entered November 15, 2023 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's jail time credit.
In 2014, following his conviction of criminal possession of a forged instrument in the first degree, petitioner was sentenced, as a second felony offender, to a prison term of 3 to 6 years, which sentence was ordered to be executed as a sentence of parole supervision. While on parole supervision, petitioner was arrested on June 8, 2018 on charges related to the operation of a major drug ring and was declared delinquent on that date. On August 8, 2018, a parole violation warrant was lodged against petitioner. On January 29, 2019, petitioner was returned to the custody of the Department of Corrections and Community Supervision as a parole violator on the 2014 sentence and credited with jail time representing August 8, 2018 to January 28, 2019. Petitioner's 2014 sentence thereafter ran uninterrupted until its maximum expiration on November 4, 2020.
On September 9, 2021, Supreme Court sentenced petitioner, as a second felony offender, to seven years in prison, to be followed by two years of postrelease supervision,[FN1] for his conviction of attempting to operate as a major drug trafficker and a concurrent sentence of 4½ to 9 years in prison for his conviction of conspiracy in the second degree, and noted that petitioner would receive credit for all time served. Following various amended calculations of petitioner's jail time credit by the Sullivan County Sherriff's office, petitioner ultimately was credited with 82 days of jail time credit against his 2021 sentence.
Petitioner thereafter commenced this CPLR article 78 proceeding challenging the calculation of his 2021 sentence, claiming that he was entitled to jail time credit for all time spent in custody from June 8, 2018 until January 6, 2020 in accordance with Supreme Court's promise at sentencing. Supreme Court dismissed the petition. Petitioner appeals.
We affirm. Penal Law § 70.30 (3) provides that jail time credit "shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of post-release supervision." The jail time credit petitioner seeks to be applied was already credited toward his 2014 sentence and, as such, it cannot also be used as a credit toward his 2021 sentence (see Matter of Augugliaro v New York State Dept. of Corr. & Community Supervision, 197 AD3d 1481, 1483 [3d Dept 2021]; Matter of Hillard v Annucci, 190 AD3d 1183, 1184 [3d Dept 2021]; Matter of Peterkin v Annucci, 185 AD3d 1337, 1338 [3d Dept 2020]; Matter of Phillips v Annucci, 161 AD3d 1439, 1440 [3d Dept 2018], lv denied 32 NY3d 907[*2][2018]). We are also unpersuaded that there was any error or due process violation in the amendment and recalculation of petitioner's jail time credit toward his 2021 sentence, as there is "a continuing, nondiscretionary, ministerial duty to make accurate calculations of terms of imprisonment," which requires that known errors be corrected (Matter of Augugliaro v New York State Dept. of Corr. & Community Supervision, 197 AD3d at 1483 [internal quotation marks and citations omitted]; see Correction Law § 600-a).
To the extent that petitioner seeks to vacate his plea on the ground that it was induced by an alleged unfulfilled promise that he would receive approximately two years of jail time credit toward his 2021 sentence, such issue is not properly before this Court "inasmuch as a proceeding pursuant to CPLR article 78 generally does not lie to review errors claimed to have occurred in a criminal proceeding or to challenge a judgment of conviction rendered by a criminal court. Rather, such a challenge must be made by way of a direct appeal of the judgment of conviction" (Matter of Carpenter v Corcoran, 75 AD3d 1110, 1111 [4th Dept 2010] [internal quotation marks, ellipsis and citations omitted], lv denied 15 NY3d 712 [2010]; see Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]; Matter of Rodriguez v LaValley, 112 AD3d 1244, 1244-1245 [3d Dept 2013], appeal dismissed 23 NY3d 933 [2014]). Petitioner's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner was initially sentenced to three years of postrelease supervision but in an amended commitment issued on September 19, 2022 the postrelease period was reduced to two years.