Matter of Henry v Martuscello (2026 NY Slip Op 01830)

Matter of Henry v Martuscello

2026 NY Slip Op 01830

Decided on March 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 26, 2026

CV-24-1913
[*1]In the Matter of Levar T. Henry, Appellant,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:February 9, 2026

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ.

Levar T. Henry, Ossining, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Richard McNally Jr., J.), entered October 24, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of the Department of Corrections and Community Supervision calculating petitioner's jail time credit.
Petitioner was convicted of offenses in 2010 and 2017 that resulted in sentences of imprisonment to be followed by periods of postrelease supervision (hereinafter PRS). As is relevant here, petitioner was released from prison to PRS in October 2019. After petitioner was arrested on new charges in June 2021, he was declared delinquent as of June 18, 2021 and held over pending a final parole revocation hearing. The hearing had not occurred by the time that his term of PRS expired on March 9, 2023 (see Penal Law § 70.40 [3]). He remained jailed on the new charges and was convicted of several crimes, after which he was sentenced in June 2023 to what amounted to 10 years in prison, to be followed by three years of postrelease supervision. When he was transferred to the custody of the Department of Corrections and Community Supervision to serve the new sentence, county officials credited him with the entire 755 days of jail time he served between June 2021 and July 2023. After those officials realized that they should not have credited him for the time he was held on the parole violation, they issued a revised jail time certificate crediting petitioner with 125 days to account for the period between March 10, 2023 and July 12, 2023.
Petitioner commenced this CPLR article 78 proceeding primarily to challenge the jail time calculation, claiming that he was entitled to 755 days of jail time credit. Following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.[FN1]
We affirm. Penal Law § 70.30 (3) makes clear that jail time credit "shall not include any time that is credited against the term or maximum term of any previously imposed sentence or period of [PRS] to which the person is subject" (see Matter of Hillard v Annucci, 190 AD3d 1183, 1184 [3d Dept 2021]). As petitioner's PRS continued to run during the period he was jailed between June 18, 2021 and March 9, 2023, that jail time was properly credited toward his prior sentences. Petitioner "cannot, under Penal Law § 70.30 (3), also receive credit for that period toward his [2023] sentence" (id.; see Matter of Drayton v Schiff, 232 AD3d 1027, 1028 [3d Dept 2024]; Matter of Augugliaro v New York State Dept. of Corr. & Community Supervision, 197 AD3d 1481, 1483 [3d Dept 2021]). His remaining contentions, to the extent that they are properly before us, have been examined and rejected.
Clark, J.P., Reynolds Fitzgerald, Powers and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: We note that petitioner filed and served two notices of appeal from the judgment, the first before it was entered with the Albany County Clerk and the second after.